# STATE OF FLORIDA v GILLARD

## Case No. 90-37500

Eleventh Judicial Circuit, Dade County

May 30, 1991

### APPEARANCES OF COUNSEL

**Richard Goodman,** Assistant State Attorney, for plaintiff.

**Marie Osborne,** Assistant Public Defender, and **David Sisselman,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

JEFFREY ROSINEK, Circuit Judge.

### *ORDER DENYING MOTION TO DISMISS*

THIS CAUSE HAVING COME ON to be heard before this Honorable Court, upon the Defendant's Motion to Dismiss, which raises the following main issue: WHETHER J.R.E. LEE OPPORTUNITY SCHOOL FALLS WITHIN THE MEAINING OF FLORIDA STATUTE § 893.13(1)(e) DEFINITION OF A PUBLIC OR PRIVATE ELEMENTARY, MIDDLE OR SECONDARY SCHOOL.

This Court makes the following findings of fact based upon argument of counsel and the sworn testimony of Russell Wheatley, Assistant Superintendent of Dade County Schools for Alternative Education:

1. That the testimony indicated that there are four Opportunity Schools in the Dade County Public School System. The four Opportunity Schools are: J.R.E. Lee Opportunity School, Jan Mann Opportunity School, Miami MacArthur North and Miami MacArthur South.

2. *Curriculum:*

That J. R. E. Lee and Jan Mann Opportunity Schools strictly adhere to and follow the Dade County Middle School curriculum. That Miami MacArthur North and South Schools strictly adhere to and follow the curriculum of Dade County Secondary Schools. That the curriculums at the above-mentioned Opportunity Schools are identical to other middle and secondary schools. That the above-mentioned Opportunity Schools have the same requirements for advancing to the next grade. That the above-mentioned Opportunity Schools all have a system of incentives that if one completes the academic requirements the student is eligible to proceed to the next grade and can do so in a "regular" school (non-opportunity school) within the Dade County Public School system.

3. *Attendance:*

That the attendance policy, at the above-mentioned Opportunity Schools, is identical to the attendance policy at all Dade County Middle and Secondary Schools. That the Dade County Public School System is empowered to go before a Juvenile Court Judge to enforce Attendance at the above-mentioned Opportunity Schools in exactly the same manner as the other Dade County Middle and Secondary Schools.

4. *Placement:*

That there are two ways in which students may be placed in the Dade County Public School Opportunity Schools:

   A. First, students can be administratively placed in an Opportunity School. This placement is a result of behavioral and/or truancy problems. This placement acts as an alternative to expulsion while maintaining the academic requirements of Dade County Public Middle and Secondary Schools.

   B. Second, students may voluntarily attend these Opportunity

Schools. Mr. Wheatley testified that these schools provide smaller classroom sizes, thus offering more intensive teacher attention.

5. That Florida Statute § 893.13(1)(e) makes it unlawful for any person to sell, purchase, manufacture, or deliver, or to possess with the intent to sell, purchase, manufacture, or deliver, a controlled substance in, on, or within 1,000 feet of the real property comprising a public or private elementary, middle, or secondary school.

It is hereby ORDERED AND ADJUDGED THAT

1. All four Opportunity Schools: J.R.E. Lee Opportunity School, Jan Mann Opportunity School, Miami MacArthur North and Miami MacArthur South, all fall within the meaning of Public Middle and Public Secondary Schools as found in Florida Statutes § 893.13(1)(e).

2. The Motion to Dismiss is hereby denied.

DONE AND ORDERED at Miami, Dade County, Florida, on this 30th day of May, 1991.